

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 21, 1959

Mr. Lon E. Alsup
Executive Secretary-Director
State Commission for the Blind
Austin, Texas

Opinion No. WW-766

Re: Whether a blind person,
operating his own business
as a printer of Braille
under the Commission's
vocational rehabilitation
program, may print text-
books in Braille for pur-
chase by the Texas Educa-
tion Agency with State

Dear Mr. Alsup:                  funds.

You have requested an opinion from this office as
to whether a blind person who is operating his own business
as a printer of Braille under your vocational rehabilitation
program may print textbooks in Braille as duly authorized by
the Texas Education Agency and sell the books to that agency
and receive payment from the funds appropriated in Paragraph
23(b), Section 1, Article IV, House Bill 4, as enacted by the
Third Called Session of the 56th Legislature. You state further
in your request that the Textbook Division of the Texas Educa-
tion Agency is reluctant to purchase these books from this
business in view of some previous Attorney Generals' rulings
which prohibit them from purchasing printed books, etc., from
other State agencies, such as the prison system.

Section 21 of Article XVI of the Constitution of Texas
requires that all contracts for public printing be given to the
lowest responsible bidder, and provides as follows:

"Sec. 21. All stationery, and printing,
. . . . , paper, and fuel used in the Legislative
and other departments of the government, . . .

> shall be furnished, and the printing and
> binding of the laws, journals, and department
> reports, and all other printing and binding
> . . ., shall be performed under contract, to
> be given to the lowest responsible bidder,
> below such maximum price, and under such re-
> gulations, as shall be prescribed by law.
> No member or officer of any department of
> the government shall be in any way interested
> in such contracts; and all such contracts
> shall be subject to the approval of the Govern-
> or, Secretary of State and Comptroller."

It is our opinion that the Textbook Division of the
Texas Education Agency must comply with the provisions of this
Section and Articles 2839-2861, Vernon's Civil Statutes, when
purchasing school books.

The question, therefore, is whether a blind person
who obtains his equipment and initial supplies from the State
is qualified to submit a bid for the printing of these books
in Braille.

Throughout the years, the Legislature has aided the
blind in finding employment and developing home industries and
in marketing their products.  The Legislature has given the
State Commission for the Blind authority to furnish materials.
tools and books, and has given the Commission authority to
establish workshops and salesrooms, to furnish space in State
owned buildings for vending stands and to equip and initially
stock these stands with merchandise; to hire teachers to teach
the blind in these workshops and homes of blind persons.  (House
Bill 844, Acts of the 42nd Legislature, House Bill 347, Acts of
the 49th Legislature, and House Bill 125, Acts of the 50th Legis-
lature.)

Section 1 of Article 678d, Vernon's Civil Statutes,
clearly establishes the intention of the Legislature to make
blind persons independent and self-supporting by stating:

> "For the purpose of providing blind
> persons with remunerative employment, enlarg-
> ing the economic opportunities of the blind,
> and for stimulating the blind to greater ef-
> forts in striving to make themselves self-

supporting, blind persons under the provisions of this Act, shall be authorized to operate vending stands on any State property, or State controlled property where, in the discretion of the head of the department or agency in charge of its maintenance, vending stands may be properly and satisfactorily operated."

In Attorney General's Opinion O-1033 (1939), we held that the Texas Prison System could not bid on a contract for printing and binding that had been let by the State Board of Control for the use and benefit of the State because the Texas Prison System, being a State agency, could not tender a bond to the State as was provided by statute.

In Attorney General's Opinion WW-496 (1958), this office again held that the Department of Corrects could not enter into an agreement with the State Board of Education to rebind books as it violated Section 21 of Article XVI of our State Constitution, for the reason that rebinding of books must be let by contract and given to the lowest responsible bidder.

It is our opinion that a blind person, who has been rehabilitated under the Commission for the Blind program and who has received certain equipment and initial stock such as paper and Braille characters, etc., and who operates his business on his own and is responsible only to himself, is not an agent, nor his business an agency of the State, even though the Commission for the Blind may continue to make certain supervisory visits so as to assist these individuals in making a success of their business. So long as these individuals can comply with the statutes and rules and regulations which all bidders on all school books must comply with and be the successful bidder, it is our opinion that ₒne Textbook Division of the Texas Education Agency may contract with and pay State funds to such persons in compliance with such contracts.

## SUMMARY

The Textbook Division of the Texas Education Agency may enter into a contract with and pay State Funds to a blind person who has been rehabilitated under the program sponsored by

the State Commission for the Blind,
so long as said individual has com-
plied with the statutes, rules and
regulations as a bidder, and becomes
the successful bidder.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leon F. Pesek
Assistant

LFP: zt

APPROVED:

OPINION COMMITTEE
W.V Geppert, Chairman

John Wildenthal

B. H. Timmins, Jr.

James Irion

Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore